## IN RE CRAFT.

### ORIGINAL.

Submitted January 16, 1888. — Decided January 23, 1888.

An injunction restraining the prosecution of an action of replevin in a court established under the authority of the United States involves of itself no question of the validity of an authority exercised under the United States.

Mr. R. H. STEELE, of counsel for petitioners, moved the court for leave to file a petition, for a writ of mandamus to the Supreme Court of the District of Columbia to compel the allowance of an appeal in accordance with the prayer of the petitioners; whereupon, the Chief Justice announced that an application had been made to him for the allowance of an appeal in the cause, which application he now refers to the court for its consideration, and directed that counsel for the moving parties file a brief in behalf of their application.

Thereupon the counsel filed a paper entitled "brief," of which the following are the material parts.

"Your petitioners respectfully represent and submit the following:

"That the cause herein considered is entitled on the docket record of the Supreme Court of the District of Columbia, the court below, as Mary F. Crist, Complainant, *v.* Henry C. Craft, Philip A. Crist, and Albert A. Wilson, Defendants, Equity, No. 10036, Cal., No. 80.

"That, upon June 11th, 1886, the above named complainant

filed her bill in the said court below, against the above named defendants and appellants, which, substantially, contains the following allegations, averments, and prayers, namely: ·

" That the defendant, Philip A. Crist, is the husband of the complainant; that they were married in 1869, and had living, at the commencement of the action, four children, the eldest of whom was sixteen, and the youngest was four years old; that the said husband, Crist, ill treated her, and, although having a comfortable income, furnished but little towards the support of the complainant, and of their children; that, for three years prior to the filing of the bill, said defendant had treated her so cruelly as to endanger her life and health, and make it unsafe for her to live with him; that, in consequence of said acts of cruelty, and for the reasons of fault on the part of said defendant, the complainant, in order to avoid the public scandal of a divorce proceeding, entered into an agreement of separation with said defendant on October 17th, 1884; that the complainant and her husband are living separate and apart from each other, and that said agreement is now in full force and effect; that complainant shows that said defendant has persistingly evaded and endeavored to evade the terms of said agreement; that, on May 18th, 1886, said defendant took forcible possession of his house and home, without the consent and against the will of complainant; that her said husband and the said defendant, Henry C. Craft, are now and have been for a long time confidential friends, and that said Craft is familiar with the details of said agreement of separation; that the complainant has been in possession of the chattels, hereinafter described, for a long period of time; that said Craft, in pursuance of a conspiracy with her husband, on June 10th, 1886, filed at law in this honorable court, a declaration of replevin, and had issued against complainant and her husband, jointly, a writ of replevin, directed to said defendant Wilson, as marshal, commanding him to take possession of all of the household furniture described in said agreement of separation; that complainant has no remedy at law whatever in the premises; that, therefore, for the above and other divers reasons and complaints, by said complainant in said bill, she

prays that subpœna may issue against each of said defendants, to appear and answer the exigency of said bill; and that said Wilson, his agents, &c., 'be forever enjoined from executing the said writ of replevin, and from recovering said chattels, and from delivering the same to either of said defendants, Craft and her husband; and that said Craft and Crist may be jointly and severally enjoined and forever restrained from receiving said chattels under said proceedings, and from attempting in any manner to obtain possession or control of the same;' that 'the title of said goods and chattels be vested in complainant,' and 'such further relief as the nature of the case may require.'

"The bill, substantially as aforesaid, was filed on the same day with and just after the filing of the declaration in said action at law, namely, June 11th, 1886; and on the very same day, and presumably just after the filing of the bill, a 'restraining order' was made and issued without notice to the adverse parties, by the judge of said Supreme Court sitting in 'special term,' which order was 'returned as served,' simultaneously with the subpœna, on June 12th, 1886, the day after said 'special injunction' was issued.

"The answer of the defendant Craft to said bill was filed on June 18th, and that of the defendant Crist on July 7th, 1886.

"After due proceedings had by said court in 'special term,' as fully shown by the docket files and record of said court, on April 11th, 1887, the usual form of decree of perpetual injunction, 'in accordance with the prayers of said bill,' was ordered and declared, with the exception of an appended paragraph, namely: 'At the trial the court excluded all the testimony of the complainant, except that portion of it as against the defendant Craft, which showed that he was aware of the existence and terms of the articles of separation between the plaintiff and her husband.'

"An appeal was duly taken, from said court in 'special term' to the court in 'general term,' on April 14th, 1887; and after a partial hearing in open court, — in the absence of the original record from the files of the court, and against the urgent plea of the same by the counsel for the appellants in

the premises, — the briefs and the 'printed statement of record' being afterwards duly submitted, the decree of the court in 'special term' was affirmed by said appellate court, on November 7th, 1887, and the opinion of the court, in writing, was delivered by the chief justice thereof.

"Your petitioners, therefore, claim that the more especial grounds, among many others, for the allowance of the appeal to the Supreme Court of the United States in said cause, are as follows, namely :

"That the said appeal was duly sought in said court for this district, in open court and under its prescribed practice therefor; and that said appeal was formally denied in open court, — on November 28th, 1887, — on the stated ground that 'this cause did not come within the statute so as to give any right of appeal;' and that said denial was thus formally maintained, notwithstanding that the second section of the statute now in force, namely, the act of March 3d, 1885, c. 355, 23 Stat. 443, was duly and urgently pressed upon the attention and consideration of said court, in direct connection with the aforesaid claim, then and there made, 'that the authority of the proceedings had, and upon which the said decree depended, were challenged and drawn in question.'"

The brief made at length several other claims why the request of the petitioner should be granted, the substance of each and all being that the 'action of the court below had drawn in question the validity of an authority exercised under the United States, citing : *Willson* v. *Blackbird Creek Marsh Co.*, 2 Pet. 245 ; *Davis* v. *Packard*, 7 Pet. 276 ; *Crowell* v. *Randall*, 10 Pet. 368 ; *Hollingsworth* v. *Barbour*, 4 Pet. 466 ; *McVeigh* v. *United States*, 11 Wall. 259 ; *Windsor* v. *McVeigh*, 93 U. S. 274; *Osborn* v. *Bank of the United States*, 9 Wheat. 738 ; *Harding* v. *Handy*, 11 Wheat. 103 ; *Vattier* v. *Hinde*, 7 Pet. 252; *Dunn* v. *Clarke*, 8 Pet. 1; *Hipp* v. *Babin*, 19 How. 271.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This motion is denied. The amount in dispute is less than $5000, and we cannot discover that the decree involves the

decision of any such federal question as will authorize an appeal to this court under § 2 of the act of March 3, 1885, 23 Stat. 443, c. 355. An injunction restraining a person from prosecuting an ordinary suit in replevin in a court established under the authority of the United States, does not necessarily involve a question of "the validity of a treaty or statute of or an authority exercised under the United States."

*Denied.*